UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

UNITED STATES OF AMERICA

                Plaintiff,

v.                                            Case No.: 1:19−cr−00803
                                            Honorable Steven C. Seeger

Eric Valentine

                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, December 15, 2022:

      MINUTE entry before the Honorable Steven C. Seeger as to Eric Valentine: Status hearing held on December 15, 2022. The Court discussed the pending motions. Taking a step back, on October 24, 2022, this Court ordered the parties to file a list of "any and all pending motions," so that the Court could climb the learning curve and get up to speed in this case reassigned from Judge Norgle. (Dckt. No. [126]) In the Joint Status Report on October 26, 2022 (Dckt. No. [125]), the parties identified five filings that present "live" issues: docket numbers 102, 109, 115, 118, 119. After reviewing those filings, the Court concludes that not all of them are live motions. The first filing (Dckt. No. [102]) was a motion by Defendant to proceed pro se, filed on May 31, 2022. Judge Norgle already denied Defendant's motion to represent himself and waive his right to counsel, twice. On May 20, 2022, Judge Norgle presided over a hearing and ruled that he was "not convinced that Eric Valentine is competent to waive the right to counsel." See 5/20/22 Tr., at 5:6−8 (Dckt. No. [113]); see also id. at 10:8−10 ("The Court finds that as of this exchange that the defendant is not capable at this time of understanding...."); id. at 11:16−17 ("The defendant is not competent to waive the right...."); id. at 12:20−22 (finding that Defendant "has not waived his right to counsel," and that "Mr. Kusatzky is not standby counselquot;). On June 10, 2022, Judge Norgle reiterated that ruling. "Well, that's already been resolved. Is there something that has changed?" See 6/10/22 Tr., at 3:23−24 (Dckt. No. 114). Judge Norgle ruled: "It's clear to me that you don't knowingly and intelligently understand what you are doing in terms of waiving the right to counsel. So once again, your attempted waiver is denied because I don't think that you are competent to waive the right to counsel.&quot; Id. at 8:24 − 9:3. The motion in question was filed on May 31, 2022, in between those two rulings. So, it seems abundantly clear that Judge Norgle denied Defendant's request to waive his right to counsel and proceed pro se. As a result, the motion (Dckt. No. [102]) is deemed to be denied by Judge Norgle, and is not a live motion. The second filing (Dckt. No. [109]) was a motion to appoint an expert for an evaluation of Defendant, filed on July 5, 2022. Judge Norgle granted that motion the very next day. (Dckt. No. [110]) And in fact, an expert was later appointed, and produced a report (Dckt. No. [124]). So it is not a live motion, either. The Court directs the Clerk's Office to change the designation on the docket so that docket no. 109 is not identified as a live motion. The third filing was defense counsel's "status report" regarding the motion for the appointment of an expert, filed on September 26, 2022. (Dckt. No. [115]) That helpful

filing shared the perspective of defense counsel, but it was not a live motion, either. The Court directs the Clerk's Office to change the docket accordingly. The fourth filing (Dckt. No. [118]) and the fifth filing (Dckt. No. [119]) were similar. The fourth filing was entitled "notice of constitutional questions," and was filed by Defendant himself on October 6, 2022. The fifth filing was entitled "exception: challenging the proceedings and constitutional qualifications of all officers of the court and rather [sic] due process right can exist within a legislative court," and was filed by Defendant himself on October 4, 2022. As this Court explained at the hearing, Defendant has a lawyer, and cannot file anything on the docket by himself without leave of Court, so the filings (Dckt. Nos. [118], [119]) are stricken. They are frivolous, too. The Constitution vests the judicial power in federal courts under Article III, and this Court sits as an Article III court. So, in a nutshell, all five filings (Dckt. Nos. [102], [109], [115], [118], [119]) either were denied by Judge Norgle or are denied by this Court. There are two other pending motions (i.e., filings six and seven). The sixth filing was entitled "motion/notice to waive right to Sixth Amendment assistance of counsel," and was filed by Defendant himself on November 8, 2022. (Dckt. No. [128]) As explained at the hearing, that motion is denied. On the merits, Defendant has not identified anything that has changed since Judge Norgle denied the same request. The filing does not give this Court confidence in the competency of Defendant to represent himself. At the hearing, Defendant protested that this Court directed Defendant to file it. That's not quite right. On October 24, 2022, defense counsel informed the Court that Defendant still wished to represent himself. This Court responded that if Defendant continued to want to represent himself, then Defendant needed to tee it up and file a motion. This Court meant that Defendant needed to file that motion through counsel. He can't file anything pro se without leave of Court. This Court expected a filing from defense counsel, not Defendant. This Court now repeats the point: if Defendant wants to renew his request to represent himself, then he can do so, but he needs to file a motion through counsel. The seventh filing was entitled "notice/motion under Rule 12(b)(1)(6) for summary dismissal from a failure to state a claim and/or rebut by answer to exception, constitutional questions," and was filed by Defendant on November 28, 2022. (Dckt. No. [130]) That motion is denied for the reasons stated at the hearing, and for the reasons stated above. As explained at the hearing, the parties must file a statement about their trial availability by December 22, 2022. The filing must address their availability during the first six months of 2023, and must provide a good faith estimate for the length of trial. The Court will set a status hearing after reviewing that report. Without objection, time is excluded to the next status hearing in the interest of justice and pursuant to 18 U.S.C. § 3161(h)(7)(A). Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.